IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AFS LOGISTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01086-O |
| | § | |
| TETRIA GLOBAL LOGISTICS, LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Between the evening of October 14, 2022, and the early morning of October 15, 2022, Defendants filed eleven (11) motions for summary judgment and four (4) motions to seal, encompassing approximately 420 pages of briefing and approximately 12,527 pages of appendices. *See* ECF Nos. 62–76. The effort of uploading this volume of material quite literally overwhelmed the electronic filing system, as detailed in Defendants' Rule 6(b)(1)(B) Motion Regarding Timing of Summary Judgment Supporting Materials (ECF No. 77), filed October 17, 2022.

Defendant's filings are procedurally deficient in several respects. For example, several of Defendants' briefs in support of their motions for summary judgment exceed the twenty-five (25) page maximum imposed by Local Rule 7.2. *See* ECF No. 73. Defendants did not seek leave to exceed the limits. As explained below, Defendants have also failed to carry their burden with their motions to seal. ECF Nos. 73–76.

Through these motions to seal, Defendants ask the Court to seal all their summary judgment briefing and all their appendices until they are able to submit redacted versions of those documents. ECF Nos. 73–76. In this attempt to judicially codify the parties' own confidentiality agreement,

1

Defendants cite the Court's April 28, 2022 Order as support for their requests. *See* Ds.' Mot. to File Br. Under Seal 2, ECF No. 76. However, Defendants grossly misinterpret the Court's April 28, 2022 Order. In that Order, the Court denied a joint motion for a sweeping protective order and *explicitly* "*decline[d]* to use Federal Rule of Civil Procedure 26(c) to convert an agreement of the parties into a court order." April 28, 2022 Order, ECF No. 38. Instead, the Court suggested that the parties may independently contract to avoid submitting confidential material to the Court's docket in the first place, but further noted that anything actually filed on the Court's public docket would only be sealed upon a showing of good cause. *Id*. In short, this Court is not bound by the parties' own confidentiality agreement; rather it is bound by legal precedents which demand careful scrutiny of any requests to seal judicial filings.

Indeed, the public has a right to access judicial records. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In recognition of that right, courts "heavily disfavor sealing information placed in the judicial record." *Id.* "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521 (cleaned up). The presumption is that records should not be sealed, and any sealing of records "must be 'congruent to the need.'" *Id.* (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "Litigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access. They 'must explain in particularity the necessity for sealing.'" *Trans Tool, LLC v. All State Gear Inc.*, No. 19-cv-1304, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (citation omitted) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)). Indeed, "[t]ransparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under

the collateral-order doctrine." *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (N.D. Tex. Jan. 31, 2022) (citing *June Med. Servs.*, 22 F.4th 512, 2022 WL 72074, at *4). A court thus has "discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review." *Trans Tool,* No. 19-cv-1304, 2022 WL 608945, at *6.

Even more specifically, the fact that Defendants' motions are pursuant to a confidentiality agreement does not lighten Defendants' burden. Once again, "[i]t is the public that has the right of access, so private litigants should not be able to contract that right away." BP Expl. & Prod., 920 F.3d at 211. "The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest. That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal." *Carter*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (citing *June Med. Servs.*, 22 F.4th 512, 2022 WL 72074, at *5). Based on this precedent, and upon review of Defendant's arguments, the Court finds all of Defendants' motions to seal insufficient.

Therefore, the Court **DENIES** all four motions to seal. ECF Nos. 73–76. Accordingly, since Defendants' Rule 6(b)(1)(B) Motion Regarding Timing of Summary Judgment Supporting Materials seeks leave to file ECF Nos. 73–76 late, the Court finds that it is **MOOT**. Now pending before the Court are the motions for summary judgment (ECF No. 62-72), filed by all of the Defendants. As there are no briefs and evidence in support of those motions, they are hereby **DENIED**.

**SO ORDERED** on this **20th day** of **October, 2022**.

*[Signature: Reed O'Connor]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE